**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| FN HERSTAL, S.A., and FN AMERICA, LLC,<br><br>    *Plaintiffs*,<br><br> *v.*<br><br>GLOCK, INC.,<br><br>    *Defendant*. | Civil Action File No.<br><br>1:26-cv-01977-SEG |

**BRIEF IN SUPPORT OF DEFENDANT GLOCK, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND PARTIAL MOTION TO STRIKE**

**TABLE OF CONTENTS**

I.      Introduction ......................................................................................................1

II.     Rule 12(b)(6) Motion to Dismiss Standard.....................................................3

III.    Argument and Citations to Authority..............................................................4

        A.      Counts I-III Should Be Dismissed Because the Complaint Relies on
                Conclusory Allegations and Fails to Explain *How* the Accused
                Product Meets Any Asserted Claim Limitation........................................4

                1.      Plaintiffs Fail to "Connect Specific Components" of the
                        Accused Product to Specific "Elements of the Asserted
                        Claims" ........................................................................................4

                2.      Plaintiffs' Reliance on a Handful of Images Fails to Show
                        *How* the Accused Product Meets the Asserted Claim
                        Limitations...................................................................................6

                3.      Plaintiffs Cannot State a Plausible Infringement Claim by
                        Simply Attaching Materials to the Complaint While Failing
                        to Explain *How* the Accused Product Meets the Asserted
                        Claim Limitations .......................................................................7

        B.      Count I Should be Dismissed Because Plaintiffs Do Not Allege that
                the Accused Product Includes an Optical Sight, a Required Element
                of Every Asserted Claim............................................................................8

        C.      Count I Should Be Dismissed Because Plaintiffs Fail to Plausibly
                Allege Infringement Under the Doctrine of Equivalents........................11

        D.      Plaintiffs Fail to Allege How the Accused Product Satisfies the
                Additional Limitations of the Dependent Claims ..................................12

        E.      All Counts Should be Dismissed Because Plaintiffs' Complaint is an
                Improper Shotgun Pleading ....................................................................13

        F.      Plaintiffs are Not Entitled to Relief Under 35 U.S.C. § 289 as a
                Matter of Law Because the Asserted Patent is a *Utility* Patent and §
                289 Pertains Only to *Design* Patents.....................................................14

IV.     FNH Lacks Standing Because Plaintiffs Do Not Allege That FNH Holds
        Any Enforceable Rights in the '654 Patent..................................................15

V.      Conclusion ....................................................................................................16

# TABLE OF AUTHORITIES

**CASES**

*Advanced Screenworks, Ltd. Liab. Co. v. Mosher*,
No. 2:19-CV-758-FtM-29MRM, 2020 WL 1188468 (M.D. Fla. Mar. 12, 2020) ..................................................................................................5

*Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*,
77 F.3d 364 (11th Cir. 1996)..................................................................14

*Atlas IP, LLC v. Exelon Corp.*,
189 F. Supp. 3d 768 (N.D. Ill. 2016),
*aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017) ......................................................................11

*Auth Token LLC v. City Nat'l Bank*,
817 F. Supp. 3d 211 (S.D.N.Y. 2026)....................................................11

*Auto. Alignment & Body Serv. v. State Farm Mut. Auto. Ins. Co.*,
953 F.3d 707 (11th Cir. 2020)..................................................................3

*Bos. Sci. Corp. v. Nevro Corp.*,
415 F. Supp. 3d 482 (D. Del. 2019) ...........................................4, 5, 8, 9

*Bot M8 LLC v. Sony Corp. of Am*,
4 F.4th 1342, 1352, 1353 (Fed. Cir. 2021)............................................4, 5

*Crystal Lagoons US Corp v. Cloward H20,*
No. 2:19-CV-00796-BSJ, 2020 WL 8473230 (D. Utah May 11, 2020)..............7

*DataWidget, LLC v. Rocket Sci. Grp. LLC*,
No. 1:20-CV-02961-SDG, 2022 WL 671527 (N.D. Ga. Mar. 7, 2022) .........4, 13

*De La Vega v. Microsoft Corp.*,
No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ..................................................................................................6

*Doe v. Samford Univ.*,
29 F.4th 675 (11th Cir. 2022)..................................................................3

*FI Real Est. Fund Two LP v. Donda, LLC*,
No. 23-13742, 2024 WL 5154003 (11th Cir. Dec. 18, 2024) ..........................3

*Horatio Washington Depot Techs. LLC v. TOLMAR, Inc.*,
No. CV 17-1086-LPS, 2018 WL 5669168 (D. Del. Nov. 1, 2018), *order corrected*, No. CV 17-1086-LPS, 2018 WL 6168617 (D. Del. Nov. 26, 2018), *and report and recommendation adopted*, No. CV 17-1086-LPS-CJB, 2019 WL 1276028 (D. Del. Mar. 20, 2019)...............................13

*MicroSource, LLC v. Eco World Grp., LLC,*
No. 19-CV-4016-CJW-MAR, 2020 WL 6938459 (N.D. Iowa May 4, 2020) ..................................................................................................15

*Morrow v. Microsoft Corp.*,
499 F.3d 1332 (Fed. Cir. 2007)..........................................................15, 16

*Muhammad v. Muhammad*,
654 F. App'x 455 (11th Cir. 2016) ......................................................13, 14

*Nalco Co. v. Chem-Mod*, LLC,
  883 F.3d 1337 (Fed. Cir. 2018) .......................................................................... 10

*Schmidt v. C.R. Bard, Inc.*,
  No. 6:14-CV-62, 2014 WL 5149175 (S.D. Ga. Oct. 14, 2014) .......................... 14

*Solenis Techs., L.P. v. Axchem USA, Inc.*,
  No. 1:24-CV-01417-ELR, 2025 WL 3525581 (N.D. Ga. Jan. 22, 2025) . 4, 5, 6, 7

*Wagner v. First Horizon Pharm. Corp.*,
  464 F.3d 1273 (11th Cir. 2006) ..................................................................... 13, 14

*Wainberg v. Mellichamp,*
  93 F.4th 1221 (11th Cir. 2024) ............................................................................ 3

*Ward v. Anixter, Inc.*,
  No. 1:21-CV-0468-SEG, 2022 WL 22867397 (N.D. Ga. Aug. 25, 2022) ........... 3

**STATUTES**

35 U.S.C. § 289. Additional remedy for infringement of design patent ................. 14

## I.    Introduction

All Counts of the Complaint filed by Plaintiffs FN Herstal, S.A. ("FNH") and FN America, LLC ("FNA") (Doc. 1) rest on a conclusory premise: that Defendant GLOCK, Inc.'s ("GLOCK") Gen6 Optic Ready System (also "the Accused Product") meets every limitation of several claims of U.S. Patent No. 10,352,654 ("the '654 Patent" or "Asserted Patent"). The Complaint, however, provides no factual allegations plausibly showing *how* Plaintiffs arrived at that conclusion. Instead, it offers only threadbare assertions that are insufficient to state a claim for relief.

Plaintiffs fail to connect the accused Gen6 Optic Ready System to the limitations of any asserted claim. The Complaint offers only vague, speculative, and conclusory allegations of infringement, accompanied by generalized references to extraneous materials. It does not explain how any feature of the Accused Product satisfies any claim limitation of the Asserted Patent. Nor does it include a claim chart or any comparable analysis linking the Accused Product to the asserted claims. Instead, Plaintiffs merely include a handful of images of the Accused Product without identifying which claim limitations those images purportedly depict or explaining how they demonstrate infringement. While Plaintiffs attach press releases, an instructional manual, and marketing materials concerning the accused Gen6 Optic Ready System, they do not identify any specific portions of those materials or connect them to any asserted claim limitation. As a result, the Complaint provides no factual basis from which GLOCK or the Court can determine how the Accused Product allegedly infringes the Asserted Patent.

1

Additionally, Plaintiffs' cursory reference to the doctrine of equivalents does not salvage their infringement claims. The Complaint alleges no facts showing that the Accused Product contains features that perform substantially the same function, in substantially the same way, to achieve substantially the same result as any claimed limitation or is otherwise equivalent to any asserted claim limitation. Instead, Plaintiffs merely invoke the doctrine in conclusory fashion, without any supporting factual allegations. Such threadbare pleading falls far short of the plausibility standard required by Rule 8, and the Complaint should therefore be dismissed.

The above issues, however, are not the only fatal defects in Plaintiffs' Complaint. Specifically, the Complaint is independently subject to dismissal as an impermissible shotgun pleading because each count incorporates all preceding allegations without differentiation. Furthermore, the Court should strike Plaintiffs' request for relief under 35 U.S.C. § 289. Section 289 provides a damages remedy only for design patent infringement, yet Plaintiffs assert infringement of a utility patent. As a matter of law, § 289 affords Plaintiffs no relief, and their demand for such damages should therefore be stricken.

Finally, Plaintiff FNH should be dismissed under Rule 12(b)(1) for lack of standing. The Complaint affirmatively alleges that FNA owns "all right, title, and interest" in the '654 Patent, including the right to sue and recover damages. Doc. 1, ¶ 17. The Complaint alleges no ownership interest, exclusive license, or other enforceable rights in the patent on behalf of FNH. Because FNH is not alleged to possess any rights in the '654 Patent, it lacks standing to pursue the asserted infringement claims and should be dismissed from this action.

2

## II.    Rule 12(b)(6) Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is warranted where a complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a Court is "required to take the complaint's factual allegations as true," it is "not required to accept the complaint's legal conclusions and factual speculations." *FI Real Est. Fund Two LP v. Donda, LLC*, No. 23-13742, 2024 WL 5154003, at *5 (11th Cir. Dec. 18, 2024) (*citing Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024); *Auto. Alignment & Body Serv. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 729 (11th Cir. 2020) ("[W]e are not permitted to engage in speculation, even at the pleading stage."); *Doe v. Samford Univ.*, 29 F.4th 675, 693–94 (11th Cir. 2022) (Jordan, J., concurring) ("[P]lausibility means something more than possibility or speculation but something less than probability … ")); other citation omitted).

"'The plausibility standard…asks for more than a sheer possibility that a defendant has acted unlawfully,' and when the 'complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief.'" *Ward v. Anixter, Inc.*, No. 1:21-CV-0468-SEG, 2022 WL 22867397, at *2 (N.D. Ga. Aug. 25, 2022) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Nor may a Complaint rely on "mere 'labels and conclusions, and a formulaic recitation of a cause of action's elements'—it must allege facts that 'raise the right to relief above the speculative level.'" *Ward*, 2022 WL 22867397, at *2 (*citing Twombly*, 550 U.S. at 555). Dismissal is therefore appropriate "where the well-pleaded facts do not permit the court to infer more than

the mere possibility of misconduct," or where "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679.

## III.    Argument and Citations to Authority

### A.    Counts I-III Should Be Dismissed Because the Complaint Relies on Conclusory Allegations and Fails to Explain *How* the Accused Product Meets Any Asserted Claim Limitation

To withstand a motion to dismiss for failure to state a claim of patent infringement, Plaintiffs must proffer "factual allegations that, when taken as true, articulate why it is plausible that the accused [process or] product infringes the patent claim." *Solenis Techs., L.P. v. Axchem USA, Inc.*, No. 1:24-CV-01417-ELR, 2025 WL 3525581, at *4 (N.D. Ga. Jan. 22, 2025) (*quoting Bot M8 LLC v. Sony Corp. of Am*, 4 F.4th 1342, 1353 (Fed. Cir. 2021)). While Plaintiffs are not held to "an element-by-element pleading of infringement" (*see id.*), they must "do more than assert that the product infringes the claim; [they] must show *how* [GLOCK] plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements." *DataWidget, LLC v. Rocket Sci. Grp. LLC*, No. 1:20-CV-02961-SDG, 2022 WL 671527, at *3 (N.D. Ga. Mar. 7, 2022) (*citing Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 489 (D. Del. 2019)). As explained in greater detail below, Plaintiffs fail to explain *how* the Accused Product allegedly infringes the Asserted Patent such that Plaintiffs' Complaint must be dismissed.

### 1.    Plaintiffs Fail to "Connect Specific Components" of the Accused Product to Specific "Elements of the Asserted Claims"

Plaintiffs put forth no factual allegations in their Complaint that, taken as true, "articulate why it is plausible that the accused…product" infringes "each and every

4

element" of these patent claims. *Solenis*, 2025 WL 3525581, at *4 (*quoting Bot M8*, 4 F.4th at 1353); *see* Doc. 1, ¶ 39. That is, Plaintiffs make no attempt in the Complaint to "connect specific components" of the Accused Product to the "elements of the asserted claims." *Bos. Sci. Corp.*, 415 F. Supp. 3d at 490. Simply put, Plaintiffs make no showing of *how* GLOCK allegedly infringes the Asserted Patent.

Instead, and in the most broad-brush fashion, Plaintiffs merely proclaim in the Complaint that GLOCK's "Gen6 Optic Ready System meets each and every element of claims 1, 3, 4, 9, 10, 11, 15, 16, 17, 19, 20 of the '654 Patent." Doc. 1, ¶ 39; *see also id.* at ¶¶ 45, 51. But Paragraphs 24, 31, and 39 are conclusory allegations stating that the Gen-6 Optic Ready System infringes the '654 Patent. Doc. 1. Plaintiffs' Complaint contains no other content that goes into any level of detail explaining *how* Plaintiffs reach their conclusion of infringement. Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bot M8*, 4 F.4th at 1352; *see Advanced Screenworks, Ltd. Liab. Co. v. Mosher*, No. 2:19-CV-758-FtM-29MRM, 2020 WL 1188468, at *3 (M.D. Fla. Mar. 12, 2020) (concluding that a complaint that identifies a product, describes certain claims of the asserted patent, and alleges that the product directly infringes those claims is insufficiently pled).

Although infringement claim charts are not explicitly required in a complaint, they are nevertheless quite common for these reasons. Certainly, Plaintiffs could have attempted to meet their pleading obligation by including an infringement claim chart with the Complaint mapping at least one claim of the Asserted Patent to the

Accused Product. *See, e.g., Zipit Wireless, Inc. v. LG Elecs. U.S.A., Inc.*, No. CV 20-01494 (KM) (JBC), 2022 WL 170864, at *11 (D.N.J. Jan. 18, 2022) (finding that claim charts give "fair notice of each of [the patentee's] claims and the grounds upon which it rests" and provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). But Plaintiffs opted against this approach, choosing instead to make only vague and conclusory allegations in the Complaint that lack plausibility and, accordingly, must be dismissed.

2.    **Plaintiffs' Reliance on a Handful of Images Fails to Show *How* the Accused Product Meets the Asserted Claim Limitations**

Instead of including a claim chart or other specific connection of claim elements to features of the Accused Product, Plaintiffs chose to paste two images of it in the Complaint and then proclaim in conclusory fashion that the '654 Patent is infringed without explaining how these images allegedly depict infringement. Doc. 1, ¶ 32. *See generally Solenis*, 2025 WL 3525581, at *5 (holding a complaint that "merely presents conclusory allegations of infringement…fails to sufficiently allege direct infringement"). Without any explanation of <u>how</u> the images depict that the Accused Product allegedly meets the relevant claim limitations, Plaintiffs' reliance on those images does not plausibly support their infringement allegations, since Plaintiffs omit any correlation to any specific claim(s) of the Asserted Patent. *See, e.g., De La Vega v. Microsoft Corp.,* No. W-19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) (finding screenshots insufficient to state a claim

6

"[b]ecause Plaintiff does not include even a short written description of how the accused instrumentalities meet the 'coupling' limitation").

The two images in Paragraph 32 of the Complaint do nothing more than merely identify the Accused Product (*i.e.,* a GLOCK Gen6 handgun), which Plaintiffs then pronounce as "infringing." Doc. 1, ¶ 32. But photographs alone without reference to allegedly corresponding elements of the allegedly infringed patent do not establish that infringement allegations are plausible. *See, e.g., Crystal Lagoons US Corp v. Cloward H20,* No. 2:19-CV-00796-BSJ, 2020 WL 8473230, at *1 (D. Utah May 11, 2020) ("The complaint recites the elements of the patent and includes photographs of the accused structure, but the photographs do not lead the Court to draw the inference that the walls are covered in a plastic liner."). "This is insufficient" pleading that fails to demonstrate that infringement is plausible. *Solenis*, 2025 WL 3525581, at *4.

### 3. Plaintiffs Cannot State a Plausible Infringement Claim by Simply Attaching Materials to the Complaint While Failing to Explain *How* the Accused Product Meets the Asserted Claim Limitations

Plaintiffs also attempt to fill their pleading gaps and deficiencies by citing, attaching, and referencing GLOCK's press releases, instructional manual, and marketing materials that describe the Gen6 Optic Ready System. Doc. 1, ¶¶ 25–33 (citing Plaintiffs' Exhibits 2, 3, and 4). But Plaintiffs point to no specific portions of these materials that demonstrate *how* GLOCK's Gen6 handguns allegedly infringe the '654 Patent. That is, Plaintiffs make no connection between any portions of these materials and any claim of the Asserted Patent.

7

Moreover, even considering the entirety of those materials, Plaintiffs "may not rely on exhibits attached to the complaint as a substitute for pleading facts sufficient to demonstrate its entitlement to relief." *Bos. Sci. Corp.*, 415 F. Supp. 3d at 490 (citation omitted). Without alleging an explanation of "*how* any of the…linked materials show such a connection" between the Gen6 Optic Ready System and any asserted patent claim, Plaintiffs' generalized references to those extraneous materials do not satisfy the plausibility standard. *Id.* (emphasis added).

Regarding Plaintiffs' reliance on such materials attached to the Complaint, the Federal Circuit has made clear that more is required and, specifically, that this type of vague and ambiguous pleading is not sufficient to plausibly plead patent infringement:

> In each count, Boston Scientific identifies accused products, points to "exemplary materials" extraneous to the amended complaint that provide general information about the accused products, and asserts without explanation that the accused products meet each element of at least one claim of the asserted patent.

*Bos. Sci. Corp.*, 415 F. Supp. 3d at 489. Allegations such as those asserted by Plaintiffs' "fall short of the *Iqbal/Twombly* pleading standard because they fail to show how the accused products plausibly read on the asserted claim elements." *Id.* Accordingly, Counts I through III should be dismissed for failure to state a claim.

**B.   Count I Should be Dismissed Because Plaintiffs Do Not Allege that the Accused Product Includes an Optical Sight, a Required Element of Every Asserted Claim**

As another example of Plaintiffs' failure to "connect specific components" of the Accused Product to the specific "elements of the asserted claims," *Bos. Sci.*

8

*Corp.*, 415 F. Supp. 3d at 490, there is no explanation in the Complaint as to how the Accused Product satisfies the claim limitation of an optical sight, which is found in each claim of the Asserted Patent. Specifically, independent claims 1, 11, and 20 recite (amongst other limitations) the following limitations regarding "an optical sight":

> …an **optical sight** having a bottom surface and wherein said bottom surface of said optical sight is fastened directly to said first portion and extends over said adaptor plate, said adaptor plate being in said second portion, said bottom surface of said optical sight having a second configuration comprising at least one topographical feature which is complementary to the at least one mounting feature such that the at least one topographical feature of the optical sight mates to the at least one mounting feature of the adaptor plate…

Doc. 1-1, Claims 1, 11, 20 (emphasis added).

The Complaint does not allege that GLOCK's Gen6 handgun includes an optical sight, but only instead that it is "optic ready" and configured to potentially "receive and secure a reflex optic[.]" Doc. 1, ¶ 26. Thus, Plaintiffs' Complaint alleges only the *capability* of the Accused Product—*i.e.*, that the Accused Product *can accept* an optical sight—not that it already includes or comprises an optical sight. Indeed, the Complaint includes a table identifying *common optic models* made by third parties and the corresponding optic plates to be used *with those optics*," which users can allegedly obtain independently and use with the Accused Product. Doc. 1, ¶ 30.

However, to support a claim for direct patent infringement (*i.e.*, Count I), Plaintiffs must allege and support in fact that GLOCK's Gen6 handgun includes each element of the asserted claims of the '654 Patent, including the "optical sight"

9

limitation in each asserted patent claim. *See McKesson Info. Sols. LLC v. Epic Sys. Corp.*, No. 1:06-CV-2965-JTC, 2008 WL 11318506, at *3 (N.D. Ga. May 19, 2008) ("Direct infringement requires a party to perform or use each and every step or element of a claimed method or product."). For at least the failure to allege the presence of an optical sight—retreating instead to the Accused Product merely having the alleged *capability to add* an optical sight—Plaintiffs' direct infringement claims are not plausible because Plaintiffs "plead[] facts that are inconsistent with the requirements of [the] claims" and, thus, are subject to "early dismissal." *Bot M8*, 4 F.4th at 1346 (*citing Nalco Co. v. Chem-Mod*, LLC, 883 F.3d 1337, 1348–50 (Fed. Cir. 2018)). Count I should be dismissed for this added reason.

Additionally, because Plaintiffs fail to identify any optical sight allegedly made, used, sold, or offered for sale by GLOCK in conjunction with the Accused Product, Plaintiffs' allegations do not permit a plausible inference that any extraneous optic that may potentially be used with the Accused Product "ha[s] a second configuration comprising at least one topographical feature" that is "complementary to" and "mates" to a mounting feature of the adaptor plate, as claimed. *See Bos. Sci. Corp.*, 415 F. Supp. 3d at 490. Instead, Plaintiffs generally reference that the accused Gen6 handgun *uses* an "optic" (*see, e.g.*, Doc. 1, ¶¶ 22, 23, 26–30, 33) and that "[t]he included optic plates are especially made and adapted for use in mounting a reflex optic to the factory-milled slide of the GLOCK Gen6 handgun" (*id.*, ¶ 33). But the fact that a reflex optic can potentially be used for mounting does not necessarily mean that it is mounted in the particular manner the claims require—*i.e.*, via complementary "topographical features" as described in the

10

independent claim. *See, generally, Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017) ("[T]he failure to practice even a single element is all that separates innovation from infringement[.]"). And because Plaintiffs make no such allegation, Plaintiffs' direct infringement claim is implausible, such that Count I should be dismissed for this additional reason.

### C. Count I Should Be Dismissed Because Plaintiffs Fail to Plausibly Allege Infringement Under the Doctrine of Equivalents

Plaintiffs' pleading failures are compounded by their attempt to invoke the doctrine of equivalents as an alternative to literal infringement, alleging that "GLOCK infringes, and has infringed, one or more claims of the '654 Patent directly, either literally or under the doctrine of equivalents[.]" Doc. 1, ¶39; *see also* ¶ 24 (GLOCK "has been and is now directly and/or indirectly infringing, or causing the infringement of, literally and/or under the doctrine of equivalents, the '654 Patent…"). But Plaintiffs' "invocation of equivalents is purely boilerplate" and "contains nothing at all beyond the bare incantation of the phrase 'doctrine of equivalents.'" *Auth Token LLC v. City Nat'l Bank*, 817 F. Supp. 3d 211, 224 (S.D.N.Y. 2026).

In *Auth Token*, the plaintiff "purport[ed] to invoke the doctrine of equivalents, alleging—without elaboration—that [defendant] infringes Claim 1 'literally or by the doctrine of equivalents.'" *Id.*, at 223–24. However, the court there found such bare allegations to be deficient and dismissed the plaintiff's claims of infringement based on the doctrine. *Id.*, at 224 ("The Amended Complaint contains nothing at all

11

beyond the bare incantation of the phrase 'doctrine of equivalents.' That is far from sufficient.").

Here, the Complaint "contains no equivalence analysis and does not identify any allegedly equivalent steps, structures, or processes." *Id.* Instead, Plaintiffs merely "assert[] literal infringement, append[] a conclusory reference to equivalence, and then offer[] no distinct factual allegations to support that theory. That approach does not plead an equivalents theory; it merely repackages [Plaintiffs'] deficient literal-infringement allegations." *Id*. Thus, Count I should be dismissed on the basis that Plaintiffs do not plausibly plead infringement under the doctrine of equivalents.

### D.   Plaintiffs Fail to Allege How the Accused Product Satisfies the Additional Limitations of the Dependent Claims

The deficiencies of Plaintiffs' allegations of infringement are further underscored by their (equally deficient) assertion that the Accused Product infringes "each and every element" of several of the Asserted Patent's dependent claims: claims 3, 4, 9, 10, 15, 16, 17, and 19. Doc. 1, ¶ 39, 45, 51. Dependent claims, by definition, "specify a further limitation of the subject matter claimed" in the referenced independent claim. *See* 35 U.S.C. § 112(d). Yet Plaintiffs' Complaint pleads no specific facts addressing these additional limitations. "Plaintiff must have had its reasons for thinking that Defendants practiced these limitations…. It should have just pleaded whatever facts it had relating to those reasons." *Horatio Washington Depot Techs. LLC v. TOLMAR, Inc.*, No. CV 17-1086-LPS, 2018 WL 5669168, at *12 (D. Del. Nov. 1, 2018), *order corrected*, No. CV 17-1086-LPS, 2018

12

WL 6168617 (D. Del. Nov. 26, 2018), *and report and recommendation adopted*, No. CV 17-1086-LPS-CJB, 2019 WL 1276028 (D. Del. Mar. 20, 2019). Plaintiffs do not plead any such facts here.

Instead, as described above, Plaintiffs rely on generic allegations and passing references to extraneous materials and photographs to ultimately conclude that "[t]he Gen6 Optic Ready System meets each and every element of" the dependent claims, without alleging facts "connecting the allegedly infringing product to the[se dependent] claim elements." *DataWidget,* 2022 WL 671527, at *3.

For example, dependent claims 3, 4, and 16 recite the disclosed device "further comprises at least one fastener[.]" Doc. 1-1. But the Complaint is silent as to what the alleged "fastener" is, where it is, what it could be, or how the Accused Product satisfies this additional limitation. And this is not an isolated incident beyond its conclusory allegation that the Accused Product meets "each and every element" of the dependent claims. Plaintiffs plead no facts in the Complaint that pertain to the additional limitations of the asserted dependent claims. Counts I, II, and III of Plaintiffs' Complaint must be dismissed for this additional reason.

### E.    All Counts Should be Dismissed Because Plaintiffs' Complaint is an Improper Shotgun Pleading

"A shotgun pleading 'incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense.'" *Muhammad v. Muhammad*, 654 F. App'x 455, 457 (11th Cir. 2016) (*quoting Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006)). "As a result, it is 'virtually impossible to know which allegations of fact are intended to support which

claim(s) for relief.'" *Muhammad*, 654 F. App'x at 457 (*quoting Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). "The proper remedy for a shotgun pleading is for the court to order repleading for a more definite statement of the claim." *Muhammad*, 654 F. App'x at 457 (citing *Wagner*, 464 F.3d at 1280).

In Paragraphs 38, 44, and 48, Plaintiffs incorporate by reference all preceding paragraphs into each count of the Complaint. Doc. 1. This improper pleading is especially egregious because it incorporates all the vagueness of Plaintiffs' conclusory allegations of infringement in the preceding paragraphs addressed above into each Count of the Complaint, thereby compounding the problem of Plaintiffs' failure to explain how GLOCK allegedly infringes. Doc. 1, ¶¶ 24, 31, & 39. Accordingly, Plaintiffs' Complaint should be dismissed in its entirety for this reason.

**F.     Plaintiffs are Not Entitled to Relief Under 35 U.S.C. § 289 as a Matter of Law Because the Asserted Patent is a *Utility* Patent and § 289 Pertains Only to *Design* Patents**

Federal Rule of Civil Procedure 12(f) allows the Court to strike "any redundant, immaterial, impertinent, or scandalous matter." "[S]triking a prayer for relief pursuant to a Rule 12(f) motion is proper only where the relief requested is not available as a matter of law." *Schmidt v. C.R. Bard, Inc.,* No. 6:14-CV-62, 2014 WL 5149175, at \*7 (S.D. Ga. Oct. 14, 2014) (incorporating case references herein).

The allegedly infringed '654 Patent is a ***utility*** patent. *See* Doc. 1-1. Yet in Paragraph 61 of their Complaint, Plaintiffs seek "total profits of Glock arising from Glock's aforementioned infringement of the '654 Patent…awarded to FN pursuant to 35 U.S.C. § 289"—a statute that provides an "[a]dditional remedy for

infringement of *design* patents," not *utility* patents. Because "disgorgement of profits as recovery is only available as to design patents, not utility patents," Plaintiffs are not entitled to relief under § 289 as a matter of law. *See MicroSource, LLC v. Eco World Grp., LLC,* No. 19-CV-4016-CJW-MAR, 2020 WL 6938459, at *6 (N.D. Iowa May 4, 2020) (striking § 289 damages plea in a "lawsuit[] involving utility patents" because "disgorgement of profits as recovery is only available as to design patents, not utility patents"). Plaintiffs' plea for these damages must be struck. *Id.*

## IV.    FNH Lacks Standing Because Plaintiffs Do Not Allege That FNH Holds Any Enforceable Rights in the '654 Patent

"There are three general categories of plaintiffs encountered when analyzing the constitutional standing issue in patent infringement suits: those that can sue in their own name alone; those that can sue as long as the patent owner is joined in the suit; and those that cannot even participate as a party to an infringement suit." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007).

"The first category includes plaintiffs that hold all legal rights to the patent as the patentee or assignee of all patent rights—the entire bundle of sticks." *Id.* Here, Plaintiffs allege that *FNA* holds "the entire bundle of sticks": "FNA is the owner by assignment of all right, title, and interest in and to the '654 Patent, including the right to sue for and collect past, present, and future damages, in addition to the right to seek injunctive relief." Doc. 1, ¶ 17. Thus, FNA is in the first category. FNH is not.

"The second category of plaintiffs hold exclusionary rights and interests created by the patent statutes, but not all substantial rights to the patent." *Morrow*,

15

499 F.3d at 1340. "Parties that hold the exclusionary rights are often identified as exclusive licensees, because the grant of an exclusive license to make, use, or sell the patented invention carries with it the right to prevent others from practicing the invention." *Id.* Plaintiffs do not allege that either Plaintiff falls in this category.

"The third category of plaintiffs includes those that hold less than all substantial rights to the patent and lack exclusionary rights under the patent statutes to meet the injury in fact requirement." *Id.* "They are not injured by a party that makes, uses, or sells the patented invention because they do not hold the necessary exclusionary rights. Plaintiffs in this category lack constitutional standing." *Id.*, at 1341.

Because FNH is not alleged to fall within the first two categories, it falls within the third. Plaintiffs therefore fail to allege that FNH has standing to sue for patent infringement. Thus, FNH should be dismissed for lack of standing.

## V.    Conclusion

As set out above, the Complaint fails to state a plausible claim for relief, constitutes an impermissible shotgun pleading, and asserts claims on behalf of a plaintiff that lacks standing. Plus, Plaintiffs' demand for relief under 35 U.S.C. § 289 is unavailable as a matter of law for the alleged infringement of a utility patent. Accordingly, the Court should dismiss all counts of the Complaint, dismiss FNH for lack of standing, strike Plaintiffs' improper request for § 289 damages, and grant such other and further relief as the Court deems just and proper.

Pursuant to LR 7.1(D), NDGa, the undersigned certifies that the foregoing brief has been prepared with 14-point Times New Roman font.

Respectfully submitted this 16th day of July, 2026.

/s/ *N. Andrew Crain*

N. Andrew Crain (Ga. 193081)
Charles M. Landrum III (Ga. 312056)
Paul Joseph Spina IV (Ga. 839522)

THOMAS | HORSTEMEYER LLP
3200 Windy Hill Rd. SE Suite 1600E
Atlanta, Georgia 30339
T: (770) 933-9500
F: (770) 951-0933
a.crain@thip.law
c.landrum@thip.law
p.spina@thip.law

Christopher Renzulli, Esq.
(pro hac vice to be filed)
crenzulli@renzullilaw.com
Peter V. Malfa, Esq.
(pro hac vice to be filed)
pmalfa@renzullilaw.com
David A. Jones, Esq.
(pro hac vice to be filed)
djones@renzullilaw.com

RENZULLI LAW FIRM, LLP
One North Broadway, Suite 1005
White Plains, New York 10601
Tel. (914) 285-0700

*Counsel for Defendant*
*GLOCK, Inc.*

17